IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL CUARESMA AND BRAXTON GRIFFIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SOFTCHOICE CORPORATION,<br><br>Defendant. | Civil Action No. 22-cv-1070 |

**COLLECTIVE ACTION COMPLAINT**

Michael Cuaresma and Braxton Griffin ("Plaintiffs") file this Collective Action Complaint ("Complaint") against Softchoice Corporation ("Defendant"):

**Nature of this Lawsuit**

1. This lawsuit seeks to recover overtime compensation for Plaintiffs and similarly situated workers who worked as Territory Sales Representatives, or an equivalent position, (collectively, "TSRs") for Defendant pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Softchoice employs TSRs to make sales of its technology services to prospective clients. During the relevant period, Defendant classified its TSRs as exempt from overtime and did not pay them overtime premiums for hours worked over 40 in a workweek.

3. Plaintiffs bring this action on behalf of themselves and all similarly situated current and former TSRs who worked for Defendant and who elect to opt in to this action

pursuant to the FLSA and, specifically, its collective action provision, 29 U.S.C. § 216(b), for unpaid overtime wages.

4. Plaintiff Cuaresma also brings this action on behalf of himself pursuant to Illinois' Minimum Wage Law, 820 Ill. Comp. Stat. § 105/1, *et seq.* ("IMWL"), for unpaid overtime wages.

5. Plaintiff Braxton also brings this action on behalf of himself pursuant to Washington state law for unpaid overtime wages, meal and rest breaks, and related penalties. Wash. Rev. Code §§ 49.46.130, 296-126-092; RCW 49.12.020, 49.46.130(1).

## The Parties

*Plaintiffs*

### Michael Cuaresma

6. Cuaresma is a resident of Chicago, Illinois.

7. Cuaresma worked as a TSR in Defendant's office located in Chicago, Illinois from approximately July 2019 until May 2021.

8. Pursuant to Defendant's practice, Defendant did not pay Plaintiff Cuaresma overtime wages for hours worked over 40 in a workweek even though Plaintiff Cuaresma regularly worked more than 40 hours in a workweek.

9. At all relevant times, Plaintiff Cuaresma was a covered employee within the meaning of the FLSA and IMWL.

10. A written consent form for Plaintiff Cuaresma is attached as Exhibit A.

### Braxton Griffin

11. Griffin is a resident of Seattle, Washington.

12. Griffin worked as a TSR in Defendant's office located in Seattle, Washington

from approximately May 1, 2017 until January 31, 2019.

13. Pursuant to Defendant's practice, Defendant did not pay Plaintiff Griffin overtime wages for hours worked over 40 in a workweek even though Plaintiff Griffin regularly worked more than 40 hours in a workweek.

14. Pursuant to Defendant's practice, Defendant did not provide Plaintiff Griffin statutorily required minimum meal and rest periods based on the length of his work shifts.

15. At all relevant times, Plaintiff Griffin was a covered employee within the meaning of the FLSA and Washington state laws.

16. A written consent form for Plaintiff Griffin is attached as Exhibit A.

***Defendant Softchoice Corporation***

17. Defendant is a Canadian-based company that provides information technology solutions and managed services to clients and has offices in and operates throughout the United States.

18. Throughout the relevant period, Defendant employed Plaintiffs and similarly situated employees within the meaning of the FLSA, the IMWL, and Washington state laws.

19. Defendant is a covered employer within the meaning of the FLSA, the IMWL, and Washington state laws.

20. Defendant applied the same employment policies, practices, and procedures to all TSRs.

21. At all times relevant, Defendant's annual gross volume of sales made or business done was not less than $500,000.

**Jurisdiction and Venue**

22. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because

Plaintiffs' FLSA claim arises under federal law. *See* 29 U.S.C. § 216(b).

23. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative fact.

24. The Court has personal jurisdiction over Defendant because it does business in Illinois in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in and originated from this District.

25. Venue is proper in this District under 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District.

## Collective Action Allegations

26. Plaintiffs bring the First Cause of Action on behalf of themselves and all TSRs who elect to opt-in to this action pursuant to 29 U.S.C. § 216(b) (the "FLSA Collective").

27. Consistent with Defendant's practice, Plaintiffs Cuaresma and Griffin and the FLSA Collective members were not paid overtime compensation for hours worked above 40 hours in a workweek because Defendant classified them as exempt from overtime.

28. All of the work that Plaintiffs and the FLSA Collective members performed was assigned by Defendant, and/or Defendant was aware of the work that Plaintiffs and the FLSA Collective members performed.

29. Defendant should have paid Plaintiffs and the FLSA Collective members overtime compensation for hours worked above 40 hours in a workweek.

30. Defendant's conduct was repeated and consistent during the relevant period.

31. Defendant is liable under the FLSA for failing to compensate Plaintiffs and the FLSA Collective members for overtime hours worked. The FLSA Collective consists of similarly situated individuals who have been underpaid by Defendant in violation of the FLSA

and who would benefit from the issuance of a court-supervised notice of the lawsuit and the opportunity to join the lawsuit. Those similarly situated collective members are known to Defendant, are readily identifiable, and can be located through Defendant's records. Notice should be sent to the FLSA Collective members pursuant to 29 U.S.C. § 216(b).

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

32. Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

33. Defendant engaged in a practice of violating the FLSA, as described in this Collective Action Complaint.

34. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

35. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

36. At all relevant times, Defendant employed Plaintiffs and the FLSA Collective.

37. The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, apply to Defendant.

38. At all relevant times, Defendant has been an employer engaged in commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

39. At all times relevant, Plaintiffs and the FLSA Collective were employees within the meaning of the FLSA, 29 U.S.C. §§ 203(e) and 207(a).

40. Defendant has failed to pay Plaintiffs and the FLSA Collective the proper amount of overtime wages to which they are entitled under the FLSA.

41. Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

42. Plaintiffs and the FLSA Collective have suffered damages by being denied the proper amount of overtime wages in accordance with 29 U.S.C. §§ 201 *et seq.*

43. As a result of Defendant's acts, Plaintiffs and the FLSA Collective have been deprived of overtime compensation and other wages in amounts to be determined at trial, and are entitled to recover such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
### IMWL – Overtime Wages
### (Brought on behalf of Plaintiff Cuaresma)

44. Plaintiff Cuaresma realleges and incorporates by reference all allegations in all preceding paragraphs.

45. The matters set forth in this Count arise from Defendant's violation of the overtime compensation provisions of the IMWL. 820 ILCS 105/4a.

46. Plaintiff Cuaresma was an "employee" of Defendant as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3.

47. Defendant was Plaintiff Cuaresma's "employer" as that term is defined by Section 3 of the IMWL, 820 ILCS 105/3.

48. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiff Cuaresma worked in excess of 40 hours, Plaintiff Cuaresma was entitled to be compensated at one and one-half times his regular hourly rate of pay for time worked in excess of 40 hours per week.

49. Defendant did not pay Plaintiff Cuaresma one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

50. Defendant violated the IMWL by failing to compensate Plaintiff Cuaresma at one and one-half times his regular hourly rate of pay for all time worked in excess of 40 hours per week.

51. Pursuant to 820 ILCS 105/12(a), Plaintiff Cuaresma is entitled to recover monthly statutory damages in the amount of 2%-5% per month of the amount of the under payments.

### THIRD CAUSE OF ACTION
### Washington Minimum Wage Act: Unpaid Overtime Wages
### (Brought on Behalf of Plaintiff Griffin)

52. Plaintiff Griffin realleges and incorporates by reference all allegations in all preceding paragraphs.

53. RCW 49.46.130(1) provides that "no employer shall employ any of his or her employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

54. Plaintiff Griffin worked in excess of 40 hours in a workweek.

55. Defendant misclassified Plaintiff Griffin as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

56. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff Griffin has been deprived of compensation in an amount to be determined at trial, and Plaintiff Griffin entitled to recovery of such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.46.090.

## FOURTH CAUSE OF ACTION
### Failure to Provide Meal Breaks
### (Brought on behalf of Plaintiff Griffin)

57. Plaintiff Griffin realleges and incorporates by reference all allegations in all preceding paragraphs.

58. RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

59. RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

60. Under RCW 49.12.005 and WAC 296-126-002, "conditions of labor" "means and includes the conditions of rest and meal periods" for employees.

61. WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts, and the meal periods shall be on the employer's time when the employee is required by the employer to remain on duty on the premises or at a prescribed work site in the interest of the employer.

62. Under Washington law, Defendant has an obligation to provide employees with the meal and rest breaks to which they are entitled.

63. Under Washington law, Defendant has an obligation to ensure that employees take the meal and rest breaks to which they are entitled.

64. Under Washington law, Defendant has an obligation to provide employees with

thirty minutes of additional pay for each missed meal break

65. Under Washington law, Defendant has an obligation to provide employees with ten minutes additional pay for each missed rest break.

66. By the actions alleged above, including the failure to provide Plaintiff Griffin with proper meal and rest periods, Defendant has violated RCW 49.12.020 and WAC 296-126-092.

67. As a result of these unlawful acts, Plaintiff Griffin has been deprived of compensation in amounts to be determined at trial, and Plaintiff Griffin is entitled to the recovery of such damages, including interested thereon, as well as attorneys' fees, pursuant to RCW 49.48.030, and costs.

### FIFTH CAUSE OF ACTION
### Washington Wage Rebate Act: Willful Refusal to Pay Wages Owed
### (Brought by Plaintiff Griffin)

68. Plaintiff Griffin realleges and incorporates by reference all allegations in all preceding paragraphs.

69. RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.5250 shall be liable in a civil action for exemplary damages in the amount of twice the wages withheld, attorneys' fees, and costs.

70. As a result of the willful, unlawful acts of Defendant, Plaintiff Griffin has been deprived of compensation in amounts to be determined at trial, and Plaintiff Griffin is entitled to exemplary damages, attorneys' fees, and costs under RCW 49.52.070.

**Prayer for Relief**

WHEREFORE, Plaintiffs, individually and on behalf of all other similarly situated persons, seek the following relief:

A. That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issue such notice, to all members of the FLSA Collective. Such notice should inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit, among other things;

B. Unpaid overtime pay, an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations, and statutory penalties pursuant to 820 ILCS 105/12(a);

C. Pre-judgment interest and post-judgment interest as provided by law;

D. Attorneys' fees and costs of the action;

E. A reasonable service award for the Named Plaintiffs to compensate them for the time spent attempting to recover wages for the FLSA Collective and for the risks they took in doing so; and

F. Such other injunctive and equitable relief as this Court shall deem just and proper.

**Jury Demand**

Plaintiffs demand a trial by jury.

Dated: March 1, 2022                      Respectfully submitted,

/s/ *Douglas M. Werman*
Douglas M. Werman
dwerman@flsalaw.com
WERMAN SALAS P.C.
77 West Washington Street, Suite 1402
Chicago, Illinois 60602
Telephone: (312) 419-1008

*Attorney for Plaintiffs and others similarly situated*