IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MICHAEL CUARESMA AND BRAXTON GRIFFIN**, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**SOFTCHOICE CORPORATION**,<br><br>Defendant. | Civil Action No. 22-cv-1070 |

### DECLARATION OF DOUGLAS M. WERMAN

I, Douglas M. Werman, declare and state under penalty of perjury, the following:

1. I am a member in good standing of the Illinois State Bar and am a shareholder of Werman Salas P.C. Werman Salas P.C. is counsel for the Plaintiffs.

2. I am familiar with the facts and circumstances of this action. I submit this declaration in support of Plaintiffs' Unopposed Motion for Approval of Settlement under the Fair Labor Standards Act, for Appointment of Settlement Administrator, for Approval of Service Awards, and for Approval of Attorneys' Fees and Costs.

**Werman Salas P.C.'s Qualifications**

3. Attached as Exhibit D is a firm resume for Werman Salas P.C.

4. In *Osman, et al. v. Grube, Inc., et al.*, the Honorable James R. Knepp approved a collective action settlement, finding that the attorneys at Werman Salas are "known and recognized lawyers in wage and hour litigation and have an excellent national reputation in representing tipped employees in this type of case. Courts recognize Plaintiffs' Counsel as

1

leaders in advocating the rights of such workers throughout the United States." No. 16 Civ. 00802, 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018).

5. In *Mouloki v. Epee,* the Honorable Schenkier identified Douglas M. Werman and Maureen A. Salas as an example of "highly respected and experienced attorneys in…wage and hour cases." No. 14 Civ. 5532, 2017 WL 2791215, at *3 n.4 (N.D. Ill. June 27, 2017).

6. In *Sanchez v. Roka Akor Chicago LLC*, the Honorable Virginia Kendall approved a class and collective settlement, finding the attorneys at Werman Salas P.C. "national leaders in advocating the rights of working people in wage and hour litigation" and describing Douglas M. Werman as a "highly respected and experienced lawyer[]…" No. 14 Civ. 4645, 2017 WL 1425837, at *5-7 (N.D. Ill. Apr. 20, 2017).

7. In *Schmidt v. Smith & Wollensky, LLC*, the Honorable Ruben Castillo certified a class action, finding Plaintiff's Counsel are "highly experienced attorneys." 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010).

**Procedural Background and Settlement Negotiations**

8. Before filing this lawsuit, Plaintiffs' Counsel conducted a thorough investigation into the merits of the potential claims and defenses.

9. Plaintiffs' Counsel focused their investigation and legal research on the underlying merits of the potential collective action members' claims, the damages to which they were entitled, and the likelihood of collective action certification.

10. Plaintiffs' Counsel obtained and reviewed documents from the Plaintiffs, including offer letters.

11. Plaintiffs' Counsel also conducted in-depth interviews with the Plaintiffs and other Territory Sales Representatives ("TSRs").

12. On June 28, 2021, in an effort to explore potential pre-litigation resolution of these claims, Plaintiffs' Counsel informed Defendant by letter of the allegations that Defendant's overtime pay practice violated the FLSA.

13. Defendant denied the allegations set forth in Plaintiffs' demand letter. Nevertheless, the Parties entered into a tolling agreement on July 19, 2021, and agreed to explore the possibility of resolution.

14. The Parties subsequently engaged in an informal exchange of discovery.

15. Defendant produced payroll and other data to allow Plaintiffs' Counsel to prepare preliminary damage calculations.

16. Plaintiffs' Counsel analyzed this data and constructed a damages model.

17. Between August 2021 and November 2021, the Parties engaged in numerous discussions regarding Plaintiffs' overtime claims. The Parties exchanged information prior to mediation, drafted and exchanged mediation statements, and the case was mediated on December 6, 2021 by Carol Wittenberg, an experienced wage and hour mediator.

18. On February 22, 2022, the Parties executed a settlement agreement that is the subject of this Motion.

**Settlement Terms**

19. The Plaintiffs assisted Plaintiffs' Counsel in the investigation of the Eligible Settlement Collective Members' claims, participated in settlement discussions, responded to points raised by Defendant, and provided vital assistance that helped Plaintiffs' Counsel achieve this settlement for the benefit of the Eligible Settlement Collective Members.

20. The Parties have retained Rust Consulting, Inc., an experienced wage and hour claims administrator, to serve as the Settlement Administrator. Rust Consulting, Inc. has

experience administering large and complex settlements and was jointly selected by the Parties.

21. The Parties' Settlement was the product of arm's-length negotiations by experienced wage and hour class/collective-action counsel, with the help of an experienced mediator.

22. The Settlement has the effect of: (1) providing monetary relief to those Participating Settlement Collective Members who opt into the Action, (2) in exchange for a narrow and limited release of the Participating Settlement Collective Members' overtime wage claims only, and (3) eliminating the inherent risks both sides would bear if this complex litigation continued to resolution on the merits.

23. Plaintiffs' Counsel estimates that the Gross Settlement Amount represents approximately 100 percent of Eligible Settlement Collective Members and Plaintiffs' actual lost overtime wages and 26 percent of liquidated damages, assuming they worked an average of 44 hours a week for 48 weeks a year during the Class Period.

24. The allocation formula in the settlement calculations utilized meal and rest break damages for alleged violations of the Washington Industrial Workforce Act, RCW 49.12.020.

25. The roles of the Named Plaintiffs in this litigation were crucial. Their efforts strengthened Plaintiffs' position and aided in achieving an excellent result for the Eligible Settlement Collective Members.

26. The requested Service Awards totaling $15,000 is 0.8% of the Gross Settlement Amount.

27. Here, Counsel executed a fee arrangement with the Named Plaintiffs entitling Counsel to one-third of any recovery.

28. Counsel took this case on a contingent fee basis and assumed the risk they would

receive *no* fee for their services.

29. The entire $1,800,000 that will be deposited into the Settlement Account will be distributed to the Named Plaintiffs, Participating Settlement Collective Members, Settlement Administrator, and Plaintiffs' Counsel.

30. All Participating Settlement Collective Members will receive a check via U.S. Mail, representing their *pro rata* share of the Net Settlement Fund without the need to submit a claim form.

31. In addition, the payments Participating Settlement Collective Members will receive are significant.

32. Even after the payment of attorneys' fees and litigation expenses and the Service Awards, Participating Settlement Collective Members will receive a maximum payment of approximately $33,607 and an average payment of approximately $6,104.

33. This is an exceptional result by any measure inasmuch as Defendant denies that any of its policies and practices violated the FLSA.

**Costs**

34. Plaintiffs' Counsel seeks reimbursement of $5,861.92, which is the amount of litigation expenses Plaintiffs' Counsel has incurred in this matter through filing this action, postage, electronic research, and mediation costs.

| Description | Amount |
|---|---|
| Complaint Filing Fee | $402.00 |
| Westlaw Research | $9.37 |
| Postage | $0.55 |
| Mediation Fee | $5,450.00 |
| **TOTAL** | **$5,861.92** |

35. Plaintiffs' Counsel's request of that amount from the Settlement Fund as payment of costs and expenses is appropriate, as these costs and expenses were necessarily incurred in order to litigate and settle this case.

**Exhibits**

36. Attached hereto as **Exhibit A** is a Proposed Order granting Plaintiffs' Unopposed Motion.

37. Attached hereto as **Exhibit B** is the Settlement Agreement and accompanying attachments.

38. Attached hereto as **Exhibit C** is the proposed Notice of Settlement and Opportunity to Participate and Consent to Join/Opt-In Form.

39. Attached hereto as **Exhibit D** is a firm resume for Werman Salas P.C.


Dated: March 1, 2022  /s/ Douglas M. Werman
Douglas M. Werman

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 1, 2022 the foregoing document was filed electronically on the Court's CM/ECF system, and a true and correct copy of this document and its attachments were served upon counsel for Defendant Softchoice Corporation via electronic mail to:

Joshua B. Waxman
JWaxman@littler.com
Littler Mendelson P.C.

*Counsel for Defendant*

/s/ Douglas M. Werman
Douglas M. Werman